**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**MARITZA RIVERA,**

    **Plaintiff,**

**v.**                                                                                           **Case No: 5:15-cv-302-Oc-PRL**

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

## ORDER

Plaintiff appeals the administrative decision denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be **REVERSED and REMANDED** under sentence four of 42 U.S.C. § 405(g).

### I. BACKGROUND

Plaintiff filed applications for SSI and DIB, alleging disability beginning January 28, 2011. (Tr. 221–22). The claims were denied initially and upon reconsideration. (Tr. 71–126, 129–53). At Plaintiff's request, a hearing was held before Administrative Law Judge Janet Mahon (the "ALJ"), who then issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 22–41, 42–70).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 27). At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine, gastritis, esophageal disease, fibromyalgia, degenerative joint disease of the right shoulder. (Tr. 27).

At step three, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 30). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(b):

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the ability to understand and speak English but her primary language is Spanish. She can lift and/or carry ten pounds frequently and occasionally, stand, and/or walk for two hours in an eight-hour workday, and sit for six hours in an eight-hour workday alternating between sitting and standing at least every two hours for less than five-minutes. Additionally, she can perform frequent reaching with her right dominant hand.

(Tr. 30–32). At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. (Tr. 32–33).

At step five, however, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are sedentary jobs that exist in significant numbers in the national economy that the Plaintiff can perform: surveillance system monitor, paramutual ticket checker, and document preparer. (Tr. 33–34). Thus the ALJ found that Plaintiff was not disabled from January 28, 2016 through the date of the decision. (Tr. 34).

Then, the Appeals Council denied Plaintiff's Request for Review, making the hearing decision the final decision of the Commissioner. (Tr. 1–8). With her administrative remedies exhausted, Plaintiff filed the instant appeal. (Doc. 1).

## II. STANDARD OF REVIEW

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

Nevertheless, "[t]he Secretary's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

**III.   DISCUSSION**

Plaintiff argues on appeal that the ALJ insufficiently, and thus improperly, considered the medical opinions of two of Plaintiff's treating physicians: Sam Korley, M.D. and Nereida Castillo-Abreu, M.D.[1]   Indeed, both doctors found that Plaintiff had numerous exertional limitations; but while the ALJ gave some weight to some of these limitations, she failed to include all of them in the RFC or otherwise discuss why they weren't included.   Because I find that remand is required on this issue, it is unnecessary to review Plaintiff's other objections.   *Freese v. Astrue*, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (April 18, 2008 M.D. Fla) (citing *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)).

By now the law is clear that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor."   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).   Further, the ALJ must accord substantial or considerable weight to a treating physician's medical opinion and medical evidence unless the ALJ explains that there is good cause not to do so.   *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004).   The failure to provide such explanation prevents the reviewing court from determining whether the decision is supported by substantial evidence.   *Id.*   The reviewing court will not "reweigh the evidence" or "affirm simply because some rationale might have supported the ALJ's conclusion."   *Owens v. Heckler*, 748 F.2d 1511, 1514, 1516 (11th Cir. 1984).

Both treating doctors here completed a separate *Residual Functioning Capacity Questionnaire* and both doctors found that Plaintiff has more severe physical limitations than provided for in the RFC.   Dr. Korely found that Plaintiff can only sit for three hours in a workday

---

[1] Though Plaintiff mentions the ALJ's consideration of the opinion of the non-examining state agency physician, Plaintiff makes no argument as to whether the ALJ erred in considering this opinion. (Pl.'s Br. at p. 9).

and can only occasionally lift less than ten pounds. (Tr. 542). Dr. Castillo-Abreu found that Plaintiff can sit for only three hours in a workday; can stand or walk for only thirty minutes at a time; can never lift ten pounds; and can only use her hands, fingers, and arms ten percent of the workday. (Tr. 567–68). Dr. Castillo-Abreu also found that Plaintiff would need fifteen-to-thirty-minute breaks each hour of a workday.[2] (Tr. 567). And both of these doctors found that Plaintiff would miss more than four days of work per month and that Plaintiff is unable to work. (Tr. 543, 568).

The ALJ summarized some of these exertional limitations and gave the limitations some weight. (Tr. 31–32). The ALJ then noted that the limitations were inconsistent with Plaintiff's testimony about Plaintiff's own physical limitations. The ALJ also found that the opinions on how much work Plaintiff would miss and Plaintiff's inability to work were not supported by the record. (Tr. 32). However, as set forth below, the ALJ erred in considering these opinions.

As an initial matter, the ALJ misstated several of the doctors' findings. For example, Dr. Castillo-Abreu found that Plaintiff can never lift more than five pounds, while the ALJ stated that the doctor's opinion indicated that Plaintiff can occasionally lift ten pounds. *Compare* (Tr. 32) *with* (Tr. 568). Dr. Castillo-Abreu also found that Plaintiff can only sit for thirty minutes at a time and stand or walk for only thirty minutes at a time, not (as the ALJ noted) that Plaintiff can sit for sixty minutes at a time and stand and walk for sixty minutes at a time. *Compare* (Tr. 31) *with* (Tr. 567). And the ALJ also misstated Dr. Korley's finding on how much weight Plaintiff can lift: Dr. Korley only opined that Plaintiff can occasionally lift less than ten pounds, not (again, as the ALJ noted) that Plaintiff can lift ten pounds. *Compare* (Tr. 31) *with* (Tr. 543).

---

[2] Dr. Korely may have found that Plaintiff would need ten-to-fifteen-minute breaks each hour, but it is unclear from the record. *See* (Tr. 542).

Further, the ALJ's assessment that the doctors' opinions should be given less weight because they are inconsistent with Plaintiff's testimony (or that the Plaintiff's testimony is not credible insofar as it is inconsistent with the findings of her doctors) is not supported by substantial evidence (see Tr. 31–32). For example, Plaintiff's assertion that she cannot lift more than five pounds (Tr. 56) is not wholly inconsistent with findings from both doctors: Dr. Castillo-Abreu found that Plaintiff can only lift *less than* ten pounds *occasionally*, but never lift ten pounds (Tr. 568), and Dr. Korely found that Plaintiff can only lift *less than* ten pounds *occasionally* (Tr. 543). As another example, Dr. Castillo-Abreu found that Plaintiff can only stand or walk for thirty minutes at a time (Tr. 567), and Plaintiff stated that she can stand up for thirty minutes to an hour (Tr. 55–56). Also, Plaintiff's testimony that she can walk about a half mile (Tr. 56) is not wholly inconsistent with Dr. Castillo-Abreu's assessment that Plaintiff can walk less than a block without rest or significant pain (Tr. 567) or Dr. Korely's assessment that Plaintiff can walk one block without rest or significant pain (Tr. 542).

Even if the misstatements about what the doctors said and the lack of any meaningful disparity between what they said and Plaintiff's self-described limitations were harmless (though I don't find them to be), the ALJ's failure to address several other exertional limitations, as discussed below, certainly cannot be said to be.[3] *See King v. Comm'r of Soc. Sec.*, No. 2:14-CV-341-FTM-CM, 2015 WL 5234318, at *7–8 (M.D. Fla. Sept. 8, 2015) (finding error when the ALJ assigned great weight to a doctor's opinion but failed to include in the RFC—or even discuss—some of the limitations the doctor found). Specifically, the ALJ did not discuss Dr. Castillo-Abreu's finding that Plaintiff can only use her hands, fingers, and arms ten percent of the workday;

---

[3] *Moore v. Astrue*, 256 F. App'x 330, 332–33 (11th Cir. 2007) (noting that, when correcting an error would not change the ALJ's finding, the error is harmless).

did not discuss Dr. Castillo-Abreu's finding that Plaintiff would need a fifteen-to-thirty minute break every hour; and did not discuss Dr. Korely and Dr. Castillo-Abreu's findings that Plaintiff can only sit three hours a day. (Tr. 542–43, 567–68). Rather, the extent of the ALJ's assessment of these doctors was that "their opinions regarding the claimant's likelihood to miss work and her ability to work are not supported by the record." (Tr. 32).

Ultimately, several of the exertional limitations that the ALJ did not include in the RFC, or even discuss, are more severe limitations than those included in the RFC. For example, either one or both of the doctors found that Plaintiff cannot lift ten pounds; can only sit three hours a day; can only stand or walk for only thirty minutes at a time; can only use her hands, fingers, and arms ten percent of the workday, and cannot work more than an hour without having to take fifteen to thirty minute breaks.

These omissions from the RFC are significant, as the Vocational Expert's (VE) testimony tends to show that some of these exertional limitations may preclude Plaintiff from employment. The VE testified that if Plaintiff could not lift ten pounds and could only sit for less than four hours a day (and only stand or walk for less than two hours), then Plaintiff would not be able to work. (Tr. 67). The VE also testified that if Plaintiff needed to take a ten-minute break every hour, then Plaintiff would be unable to work. (Tr. 67). And the VE testified that if Plaintiff could only reach, handle, and finger only ten percent of the day, then there would be no work that Plaintiff could perform. (Tr. 68–69).

It is, of course, possible that the ALJ considered and rejected the numerous exertional limitations that Dr. Korely and Dr. Castillo-Abreu found. Indeed, the Commissioner points to evidence and medical opinions that may support rejecting the opinions of Dr. Korley and Dr. Castillo-Abreu's (see generally Gov.'s Br. at pp. 8–11), but were not clearly relied upon by the

ALJ for this purpose. Without stating adequate—or, in some cases, any—grounds for rejecting the opinions of these doctors, I cannot determine on this record whether the ALJ's conclusion is "rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179. I am, therefore, unable to determine "with at least some measure of clarity the grounds for [the ALJ's] decision." *Owens*, 748 F.2d at 1516.

Any further effort to make this determination, in the absence of any effort to do so by the ALJ, would require me to improperly re-weigh the evidence and make factual findings. *See, e.g.*, *Phillips*, 357 F.3d at 1240 n.8 (noting that the reviewing court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner'") (quoting *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983) (brackets omitted)). As reweighing the evidence and affirming simply because some rationale might have supported the ALJ's conclusion are prohibited, the Commissioner's decision should be reversed and remanded to allow the ALJ to further specify the weight given to Dr. Korely and Dr. Castillo-Abreu's opinions and— if the ALJ declines to accord those opinions substantial weight—to allow the ALJ to explain that decision.

### IV. CONCLUSION

For the reasons stated above, the ALJ's decision is **REVERSED** pursuant to 42 U.S.C. § 405(g) and **REMANDED** for further proceedings consistent with this Order.

**ORDERED** in Ocala, Florida on September 23, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

- 9 -

Counsel of Record
Unrepresented Parties